UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WB&B EXECUTIVE SEARCH LLC,<br><br>                              Plaintiff,<br><br>                    -v-<br><br>CITY OF NEW YORK,<br><br>                              Defendant. | 23 Civ. 3296 (PAE)<br><br>OPINION & ORDER |

PAUL A. ENGELMAYER, District Judge:

In 2022, defendant City of New York (the "City") contracted with plaintiff WB&B Executive Search LLC ("WB&B") to identify and recruit potential candidates for roles within the Department of Corrections (the "DOC"). Dkt. 38 ("First Amended Complaint" or "FAC") ¶¶ 7–9. In this action, WB&B alleges that the City has "breached and effectively terminat[ed]" the parties' contract "at least in part or substantially because WB&B Executive Search is a minority owned business." *Id.* ¶ 53. WB&B brings claims under 42 U.S.C. §§ 1981, 1982, 1983, and 1985, alleging that the City has violated WB&B's rights to due process and equal protection. *See id.* ¶¶ 45–58.

Pending now is the City's motion to dismiss WB&B's FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Court grants the motion, and denies WB&B's request for leave to amend.

## I.   Background

### A.   Factual Background[1]

#### 1.   The Parties' Contract

WB&B is an executive-search firm registered in New York "as a Minority-or-Woman-Owned-Business-or-Enterprise ('M/WBE'), owned by a person of Hispanic descent." FAC ¶ 4.

In 2022, after the entry of a remedial order and consent decree in *Nunez v. City of New York*, No. 11 Civ. 5845 (LTS) (JCF), a civil rights case challenging the DOC's alleged use of excessive force in city jails, the City awarded WB&B a non-exclusive contract to identify "experienced" candidates suitable to serve as "Assistant Commissioners for DOC," for which there were 10 vacancies. FAC ¶¶ 8–11; *see also* Angelatos Decl., Ex. 1 at 24 (excerpt of contract). For each referred candidate whom the City hired, WB&B was entitled to a payment of $37,500. *Id.* The FAC alleges that this contract formed part of the City's obligations under *Nunez*, in which the City agreed to "hire" new "leadership" from outside its "uniform ranks," in part to "reform[] a deep-seated culture" of "poor practice." FAC ¶¶ 18, 20.

#### 2.   The Alleged Breach

The FAC contains little detail as to the alleged breach. "Up until February 2023," it alleges, "the parties to the contract had been working well together," and WB&B was "hard at work" in identifying potential candidates for the 10 vacancies. *Id.* ¶ 21. It appears that the parties' relationship soured after a status report was filed in *Nunez* in April 2023. *See id.* ¶¶ 22–24. The FAC alleges that this status report "is premised upon what appears to be seemingly

---

[1] The Court draws the facts in this decision principally from the FAC and the agreements that are incorporated by reference in it or are integral to it. *See DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010). For purposes of the motion to dismiss under Rule 12(b)(6), the Court accepts all factual allegations in the Complaint as true and draws all reasonable inferences in WB&B's favor. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

misinformation provided by the [City] to the Monitoring Team as to why the [DOC] had not been more successful in its search for executive leadership from outside the [DOC]." *Id.* ¶ 23.

Without providing a specific time or other details as to the City's alleged termination, the FAC generally avers that the City "informed [WB&B] that it would not honor the contract, effectively terminating such, without providing any reason." *Id.* ¶ 31. The FAC alleges this was "[a]mid and part of the [City's] sabotage" of the parties' agreement. *Id.* ¶ 32; *see also id.* ¶¶ 29–30. The FAC then alleges that the City and DOC "have a long past and current history of racial and gender discriminatory indifference," *id.* ¶ 36, and cites several cases making similar allegations, *see id.* ¶¶ 37–41. "The [City's] undue denial of WB&B Executive Search's money," the FAC alleges, "is par for the course, because WB&B Executive Search is a minority owned (i.e., Hispanic) business," and thus the City "believed, at least in part, that they could deny payment to WB&B Executive Search in furtherance of their underlying mission . . . to slow down the underlying reforms." *Id.* ¶ 42 (emphasis omitted). The FAC further alleges that the City "breach[ed] and effectively terminat[ed] the contract . . . at least in part or substantially because WB&B Executive Search is a minority owned business." *Id.* ¶ 53.

**B.    Procedural History**

On April 20, 2023, WB&B filed this action. Dkt. 1. On September 21, 2023, the City moved to dismiss WB&B's Complaint. Dkt. 29. On September 22, 2023, the Court directed WB&B to either amend the Complaint or oppose the motion to dismiss by October 26, 2023. Dkt. 32. On October 12, 2023, WB&B filed the FAC, the operative pleading today. Dkts. 34, 38. The FAC brings claims under 42 U.S.C. §§ 1981, 1982, 1983, and 1985 alleging that the City has breached WB&B's rights to due process and equal protection. *See* FAC ¶¶ 45–58.

On October 27, 2023, the City moved to dismiss the FAC, Dkt. 39, and filed a memorandum of law in support, Dkt. 40 ("Def. Br."). On November 17, 2023, WB&B opposed the motion. Dkt. 48, Ex. 1 ("Pl. Br."). On December 4, 2023, the City filed its reply. Dkt. 52 ("Def. Reply Br.").

## II.      Legal Standards Under Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is properly dismissed where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. When resolving a motion to dismiss, the Court must assume all well-pleaded facts to be true, "drawing all reasonable inferences in favor of the plaintiff." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012). That tenet, however, does not apply to legal conclusions. *See Iqbal*, 556 U.S. at 678. Pleadings that offer only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## III.     Discussion

### A.      Due Process Claims

The City moves to dismiss WB&B's due process claims for, *inter alia*, WB&B's failure to plausibly allege that its contractual rights rise to the level of constitutionally protected property interests. Def. Br. at 8–17 (citing, *inter alia, S & D Maintenance Co. v. Goldin*, 844 F.2d 962, 966–67 (2d Cir. 1988)). In its brief, WB&B, apparently conceding the validity of the

City's argument on this point, withdraws these claims. Pl. Br. at 9 n.8. The Court thus grants the motion to dismiss WB&B's due process claims.

**B.    Equal Protection Claims**

The FAC alleges that the City "breach[ed] and effectively terminat[ed] the contract . . . at least in part or substantially because WB&B Executive Search is a minority owned business." FAC ¶ 53. It alleges that such "unlawful breach violates [WB&B's] rights to equal protection" under 42 U.S.C. §§ 1981, 1982, 1983, and 1985. *Id.* ¶ 54. The City argues, however, that the FAC fails to plead any facts that would plausibly entitle WB&B to relief. WB&B opposes that motion, but the City's critique is, clearly, meritorious.[2]

Each cause of action pursued by WB&B requires it to plausibly allege that the City had "the intent to discriminate against [it] on the basis of" race. *Cheruvu v. HealthNow New York, Inc.*, No. 22-1993, 2023 WL 3443362, at *2 (2d Cir. May 15, 2023) (sections 1981, 1982, and 1985); *Myers v. Doherty*, No. 21-3012, 2022 WL 4477050, at *1 (2d Cir. Sept. 27, 2022) (section 1983). The FAC, however, is devoid of any well-pled factual allegations that would support an inference of racial animus. And it is foundational that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see Yusuf v. Vassar College*, 35 F.3d 709, 713 (2d Cir. 1994) (a complaint must "allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent").

Specifically, the FAC asserts, in a conclusory fashion, that the City's actions were motivated "at least in part [by] or substantially because" of WB&B's status as a "minority owned

---

[2] At the threshold, WB&B's claim under § 1981 fails given that § 1983 "constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701 (1989).

business." FAC ¶ 53. But the FAC does not plead any facts to back up that broad statement. Because "[i]t is not enough merely to assert that the defendant took adverse action against the plaintiff, and that the action was the product of racial animus," *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 339 (S.D.N.Y. 1999), *aff'd*, 210 F.3d 354 (2d Cir. 2000), WB&B's equal protection claims cannot survive the motion to dismiss. *See, e.g., Cheruvu*, 2023 WL 3443362, at *2 (affirming dismissal where complaint "offered little more than his own say-so that defendants targeted him because of his race" (cleaned up)); *Myers*, 2022 WL 4477050, at *2 (affirming dismissal where complaint "failed to allege facts supporting an inference of discriminatory intent"); *Burgis v. N.Y.C. Dep't of Sanitation*, 798 F.3d 63, 69 (2d Cir. 2015) (affirming dismissal where complaint offered "bare allegations" of discrimination and discriminatory intent and failed to offer "any specificity" as to potential comparators or "specific statements . . . that suggest discriminatory treatment"). The Court thus dismisses WB&B's equal protection claims.

### B. Leave to Amend

WB&B seeks, in the event of dismissal, leave to amend to add an additional claim for unlawful retaliation, in violation of the First Amendment, under 42 U.S.C. §§ 1981, 1982, 1983, and 1985. Pl. Br. at 2 n.2, 8–9. The proposed amendment would allege that "[l]ess than three months after filing the instant action, the [City] ceased awarding WB&B procurement contracts," an action "motivated by or substantially caused by WB&B's exercising of its First Amendment right to file a complaint in the instant action." *Id.* at 2 n.2.

Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is "within the sound discretion of the district court to grant or deny leave to amend . . . for good reason, including futility." *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d

436, 447 (2d Cir. 2019) (internal quotation marks omitted).  "A proposed amendment to a complaint is futile when it could not withstand a motion to dismiss." *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164–65 (2d Cir. 2015) (internal quotations omitted).  For the following two reasons, the proposed amendment is futile, and the Court denies leave to replead.

First, to establish a claim for First Amendment retaliation, a plaintiff must show that (1) its "speech or conduct was protected by the First Amendment"; (2) "the defendant took an adverse action against" it; and (3) "there was a causal connection between this adverse action and the protected speech." *Montero v. City of Yonkers*, 890 F.3d 386, 394 (2d Cir. 2018). WB&B's proposed amendment does not plausibly allege an adverse action.  As WB&B summarily describes the claim it envisions, it would assert, in a conclusory manner, that the City "ceased awarding" procurement contracts to WB&B, despite "regular[] business activity between the parties."  Pl. Br. at 2 n.2.  But WB&B has not offered any factual detail as to the nature and course of that business relationship.  Its account of its proposed amendment does not even state whether WB&B *applied* for such contracts, let alone whether any such contracts were *tendered* by the City.  Those gaps are fatal.  Had the City lacked further need for executive-search services, it was not under any obligation to hire WB&B for unneeded work.  *Cf., e.g.,* *Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1137 (10th Cir. 2004) (plaintiff cannot plead discrimination based on his failure to be selected for a "non-existent position").  And if WB&B did not apply, it cannot complain that the City failed to award it additional contracts.  *Cf., e.g.,* *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 711–12 (2d Cir. 1998) (plaintiff cannot plead discrimination without pleading that he "applied for a specific position or positions . . . rather than merely asserting that on several occasions . . . he generally requested promotion"); *Velez v. Janssen Ortho, LLC*, 467 F.3d 802, 807 (1st Cir. 2006) (same).

Independently, the claim W&B envisions making would fall under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Under *Monell*, a municipality is liable only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 694. WB&B's proposed amendment does not offer any detail as to the who, what, when, or where of the alleged retaliation. *Cf.* Pl. Br. at 2 n.2 (asserting only generally that the City "was motivated by" WB&B's decision to file this case). But "general and conclusory allegation[s]" of an unconstitutional policy or custom are insufficient to survive a motion to dismiss when pleading a claim under *Monell*. *Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir. 2015). Instead, a complaint must identify an "express rule or regulation," a practice that "was so persistent or widespread as to [carry] the force of law," or an action taken by a "final municipal policymaker." *Id.* WB&B's proposed amendment fails this requirement. *Cf., e.g., Poulos v. County of Warren*, No. 21-2656, 2023 WL 4004692, at *1 (2d Cir. June 15, 2023) (affirming dismissal of *Monell* claim where plaintiff pleaded only "conclusory allegations about" defendants' role in the alleged constitutional violations); *Swinton v. Livingston County*, No. 21-1434, 2023 WL 2317838, at *1 (2d Cir. Mar. 2, 2023) (affirming dismissal of *Monell* claim where complaint "assert[ed] in a conclusory fashion" that the municipality was "responsible for" unconstitutional conditions); *Hu v. City of New York*, 927 F.3d 81, 105 (2d Cir. 2019) (affirming dismissal of *Monell* claim where complaint failed to allege that an official with "final policymaking authority" made or ratified the decision at issue).

The Court thus finds WB&B's proposed amendment futile, and denies leave to amend.

## CONCLUSION

For the foregoing reasons, the Court grants the City's motion to dismiss, and denies WB&B's request for leave to amend. The Clerk of Court is respectfully directed to enter judgment, to close this case, and to terminate all pending motions.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: February 23, 2024
      New York, New York